No. 2,437.

THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANTS, v.
JOHN BAKER, RESPONDENT.

CRIMINAL PRACTICE.— NEW TRIAL.—If the Judge before whom a case is tried is satisfied that a verdict is obtained against the accused on the testimony of witnesses unworthy of belief, it is his duty, on the application of the defendant, to set aside the verdict and grant a new trial.

APPEAL from the County Court of Los Angeles County.

Defendant was convicted of arson. He moved for a new trial on the following grounds: First—The Court erred in the decision of questions of law arising during the course of the trial. Second—The verdict is contrary to law. Third—The verdict is contrary to evidence.

The motion for a new trial was granted.

The other facts are stated in the opinion.

*Jo Hamilton,* Attorney General, for Appellants.

*Kewen & Howard,* for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

This is an appeal on behalf of the People from an order of the Court below granting the defendant a motion for a new trial.

The only matter contained in appellant's bill of exceptions is defendant's motion, with the general grounds of his motion, as stated in such motion, a statement of the evidence, or some portion thereof, as given on the trial, and the order of the Court granting the motion, which does not state upon which ground the Court granted the motion.

If from the fact that the evidence, or some portion thereof, given on the trial is embodied in the bill of exceptions, but no record of the minutes of the trial or the rulings of the Court during the progress of the trial are brought up with the record, we assume that defendant's motion was granted upon the ground that the verdict of the jury was contrary to, or not sustained by, the evidence, we would not feel justified in reversing the order of the Court, unless the record, as presented, discloses a manifest abuse of the legal discretion which the trial Court is required to exercise on motion for new trial on this ground. The evidence contained in the record, in some material points, is conflicting. The Judge presiding at the trial had the same opportunities to judge of the credibility of the several witnesses testifying in the case as the jury, and although the jury upon such evidence found a verdict of guilty, still, if from the manner of any one or more of the witnesses testifying to material matters while on the stand—the intrinsic improbability of the truth of their evidence, or their manifest inclination to give a false coloring to facts, or circumstances, or conversations with defendant, which they undertake to detail, the Judge is satisfied such witnesses are unworthy of belief, and without their testimony, or the facts, circumstances, or conversations presented to the Court and jury through them, the evidence would be clearly insufficient to sustain a verdict of guilty; it would not only be an exercise of a proper discretion in the Judge, but his manifest duty to set aside the verdict, and grant defendant a new trial.

In the present case, although the evidence found in the record strongly preponderates in favor of the verdict, we cannot discover that the Court abused its legal discretion, or erred in granting defendant's motion for a new trial.

The order is therefore affirmed.