[No. 10,035.]

## THE PEOPLE *v.* FRANK ASHNAUER.

CONTINUANCE—BILL OF EXCEPTIONS.—In a criminal case, an exception to the
ruling of the Court in refusing a continuance must be presented on ap-
peal by a bill of exceptions.

CONTINUANCE—INSUFFICIENT AFFIDAVIT.—An affidavit, made by a defendant
in a criminal case in support of a motion for a continuance on account
of the absence of a material witness, which fails to show due diligence
in procuring the testimony of the witness, or that the affiant can procure
the attendance or the testimony of the witness at a subsequent term of
the Court, or that he cannot prove the same facts by other persons that
he expects to prove by the witness, is insufficient.

SIGNATURE TO INDICTMENT.—When the caption and body of the indictment
designate the County in which the indictment is found, and the District
Attorney signs the indictment officially, it is sufficient, without adding
the name of the County of which he is the Attorney.

PREPONDERANCE OF EVIDENCE—NEW TRIAL.—In a criminal case the defend-
ant may move for a new trial on the ground of the preponderance of the
evidence in his favor upon some issue which it is material for the prose-
cution to establish, and the Court, if it is of the opinion that there is
such a preponderance, should set aside the verdict.

PREPONDERANCE OF EVIDENCE.—In a criminal case, the Supreme Court will
not deal with a question of the mere preponderance of evidence.

APPEAL from the County Court of Sacramento County.

The defendant was indicted for an assault with intent to
murder Amanda Butler. He was tried and convicted. The
verdict was set aside, and a new trial was granted. Before
proceeding to the second trial, he moved for a continuance
upon an affidavit which, omitting the formal portions, was
as follows: "Frank Ashnauer, after being duly sworn on
his oath, says he cannot with safety go to trial in the
above-entitled action for the want of the testimony of one
Daniel Shultz, who is a competent and material witness for
him, and who is a necessary witness for him. That he ex-
pects to be able to prove by the said Daniel Shultz that, at
the time of the assault charged in the indictment herein,
he was in his own house, at a distance remote from the
place where the assault charged was committed, and at a
distance of nearly or quite 500 yards therefrom. That said
Daniel Shultz, up to within about four months, was a resi-

dent of this county, and resided in the vicinity of the city of Sacramento. That, about four months ago, he left, and went, as he heard, to the city of San Francisco; after that, to some place on the Cosumnes or Mokelumne river, staying only a short time at those places; and after having stayed a short time at the last named place, he left, and has gone to some place unknown to this affiant. That he does not know his whereabouts. He thinks that within a reasonable time he can learn the whereabouts of said Shultz, through one John Suverkrup, through whom affiant has known said Shultz to get a letter while living in the vicinity of Sacramento. That Shultz has not been in the county of Sacramento since this cause was set for trial, to the knowledge of this affiant. That as a matter of fact this affiant only learned on day before yesterday that this cause was set for trial. That he only learned the fact on the night of said day. That on the next day he obtained a subpena to be issued for said Shultz. Said subpena has been returned not served. This affidavit is not made for delay merely, but in furtherance of justice. That there is no other witness by whom he can prove the same facts that he expects to prove by said Shultz."

The motion was denied. The jury returned a verdict of guilty. He moved for a new trial. The motion was denied, and he appealed from the judgment.

The other facts are stated in the opinion.

*D. W. Welty,* for Appellant.

*Attorney-General Love,* for Respondents.


By the Court, Rhodes, J.:

The first point is that the Court erred in refusing to grant a continuance of the cause on the ground of the absence of a material witness for the defendant. The point cannot be entertained, because it is not presented by a bill of exceptions. Had it been properly presented it could not be sustained, because the affidavit does not show due diligence on

the part of the defendant in procuring the testimony of the absent witness, nor that he can procure his attendance or his testimony at a subsequent term of the Court; nor does it show that he cannot prove by other persons the same facts that he expected to prove by the absent witness.

The second point is that the indictment is defective, because it is signed "Henry Starr, District Attorney," without the addition of the words "of the County of Sacramento." If this objection be tenable, it should have been taken in the Court below. But if the objection could now for the first time be taken, the defendant has not referred us to any statute which requires the indictment to be signed by the District Attorney; but conceding that the provision of the Act concerning District Attorneys, that the District Attorney shall *draw* all indictments, implies that he shall sign them, no authority is cited, and no argument is advanced in support of the position that the name of the county is an essential part of the official signature. If the position be sound the appeal must fail, for neither the County Judge nor County Clerk has appended the name of the county to his official signature, as found in the record. Both the caption and the body of the indictment state the county in which the indictment was found, and that is sufficient to show that the District Attorney who signed it, was acting as the District Attorney for that county.

The third point is, that the verdict is not sustained by the evidence—is against the weight of the evidence, and is contrary to law. No reason is suggested why the verdict is contrary to law, and, therefore, no further notice will be taken of that branch of the case. It is beyond all controversy that the evidence introduced by the plaintiff was sufficient to sustain the verdict on every issue involved in the prosecution. The defendant introduced evidence which tended to contradict, and which he contends did successfully contradict, the plaintiff's witnesses in some material points; and he, therefore, insists that the evidence greatly preponderates in his favor. That the defendant may move for a new trial on the ground of the preponderance of the evidence in his favor upon some issue which it is material

for the prosecution to establish; and that the Court below, if of the opinion that there is such preponderance, should set aside the verdict, is a well established and recognized rule. It is also well settled that this Court will not deal with a question of the mere preponderance of evidence; and this rule, sustained as it is by an unbroken current of the decisions of this Court, beginning with its organization, should, and we trust soon will, receive the recognition of the entire bar, as the settled law of this State.

Judgment affirmed.