THE PEOPLE, APPELLANT, v. LUM YIT, RESPONDENT.

ORDER GRANTING NEW TRIAL — REVIEW ON APPEAL — SUFFICIENCY OF EVI- . DENCE. — When it appears by the record that a motion for new trial, based upon several grounds, was granted by an order which does not specify any ground for its basis, the ruling will not be disturbed, if it can be sustained upon any of the specified grounds of the motion, unless an abuse of legal discretion is manifest. .

ID. — CRIMINAL LAW — DUTY OF JUDGE AS TO NEW TRIAL. — It is the duty of a judge in a criminal case to grant a new trial to the defendant if he is not satisfied that the evidence as a whole was sufficient to sustain the verdict of conviction.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion.

*Thomas D. Riordan*, for Respondent.

*Attorney-General Johnson*, and *J. D. Page*, for Appellant.

GIBSON, C.— The respondent in this case was charged with and convicted of the crime of robbery. He moved for and obtained a new trial; from the order granting his motion, the people appeal.

The fourth and sixth of the several grounds upon which the motion was based were, respectively, that the verdict was contrary to the evidence, and that material evidence had been newly discovered, which the defendant with reasonable diligence could not have found and produced at the trial.

In support of the motion upon the last ground, the respondent introduced the affidavits of six different persons. The court in granting the motion did not specify any particular ground in its order. The argument of the appellant is, that as the instructions given to the jury do not appear in the record, and as no exception was taken to the admission of evidence, nor to any ruling of the court, the motion must necessarily have been granted

upon the ground of newly discovered evidence; and as the several affidavits consisted merely of the opinions of the respective affiants as to the innocence of the respondent, they were consequently incompetent, and insufficient to warrant a new trial. We agree with the appellant as to the character and insufficiency of the affidavits, but we must presume, in the absence of anything in the record to negative it, that the court acted regularly, and tested the affidavits by the proper rules of evidence, and having found them insufficient, granted the motion upon some other ground, if any other ground to sustain it can be found in the record. So it is with regard to the charge to the jury; in view of the statement in the bill of exceptions that the court duly charged the jury upon the law of the case, we must presume that the charge was correct. This brings us to the leading question, Can the ruling be sustained upon any of the grounds of the motion? We are of the opinion that it can be, upon the ground that the verdict was contrary to the evidence.

It seems to be well settled that when it appears by the record that a motion for a new trial based upon several grounds was granted by an order which does not disclose any ground for its basis, the ruling will not be disturbed, if it can be sustained upon any of the specified grounds of the motion, unless an abuse of legal discretion is manifest.

In *People* v. *Baker*, 39 Cal. 686, a case in which the record was in many respects similar to the one here, the appeal was from an order granting the defendant's motion for a new trial. Among several specified grounds of the motion was one that the verdict was contrary to the evidence. The bill of exceptions contained all or some portion of the evidence, but none of the minutes of the trial, or the rulings of the court during the trial. The order did not show upon what ground the motion had been granted. In this state of the record the only ground upon which it appeared that the court could have made

the order was that the verdict was contrary to the evidence. And although the evidence apparently strongly preponderated in favor of the verdict, still, as it did not appear that the trial judge has abused his legal discretion in determining otherwise, the order was affirmed. (See *People* v. *McAusland*, 43 Cal. 55; *Weddle* v. *Stark*, 10 Cal. 302; *Oullahan* v. *Starbuck*, 21 Cal. 414; Hayne on New Trial and Appeal, sec. 284, p. 842.)

The only direct evidence of the robbery in the present case was the testimony of Chung Wey, the prosecuting witness. About seven o'clock of the evening of January 19, 1889, he, being at the time engaged as a contractor in employing men for an Alaskan fish-cannery, was called out of a store on Sacramento Street by one Ah Fook, who was in search of employment. While conversing with Fook in or near a hallway opening into the street, and but four or five steps away from the store which he had left, the defendant, with three other Chinese, came up and robbed him; the defendant drew a knife, and the three others held the prosecuting witness down while defendant took from his pocket a handkerchief in which was tied $240. A policeman, who was attracted by the blowing of a whistle, arrived at the place a few minutes after the robbery and found the prosecuting witness much excited, and learned from him that he had been robbed by several Chinese, who had run down the street. Thinking it useless to pursue them then, the officer went over to Washington Street and left word for two officers detailed for detective work in the Chinese quarter. These last two officers, about eleven o'clock of the same night, came to see the first officer about the affair, and the three together interrogated Chung Wey, and later, the same night, one of the detective officers arrested the defendant and Ah Fook.

The hallway at the time of the robbery was lighted; there were people passing to and fro upon the street, and a number of other Chinese were in the store referred

to as being but four or five steps from the hallway. The testimony of two other witnesses tends to corroborate Chung Wey as to the amount of money he might have had upon his person at the time. Ah Fook, who was arrested, according to Chung Wey, because he was the man who had called the latter out of the store when he was robbed, was subsequently released, and employed by and received advance money from Chung Wey to go to Alaska.

On the other hand, the testimony given on behalf of the defendant tends strongly to show that at the time of the alleged robbery Chung Wey was indebted to the brother of the defendant for services rendered in some fish-cannery; and that Chung Wey having theretofore refused to pay the sum claimed, the defendant, with several other Chinese, at the time and place of the alleged robbery, met Chung Wey, when the defendant demanded the amount due unto his brother, which was refused. An altercation then ensued, and was continued a few minutes, and then terminated by the defendant and his companions walking away.

Chung Wey, on being recalled for the defendant, did not deny but what somebody owed the defendant's brother for services rendered, but claimed he was not responsible for the debt, because at the time he was simply a foreman upon a salary in the cannery where the services were rendered, and not a contractor. Altogether the testimony given on behalf of defendant tends forcibly to support the theory that the motive of the prosecuting witness was to have an importunate creditor removed or silenced, rather than to punish a veritable robber.

It is apparent that the only question that such a state of the evidence presents is one as to its weight. And we cannot say that the trial judge abused his discretion in determining that the jury had mistaken its weight. He had the witnesses before him, and an equal opportunity with the jury to observe the manner of the witnesses,

the character of their testimony, and to judge of their credibility and discover their motives; he, too, had to be satisfied that the evidence, as a whole, was sufficient to sustain the verdict; if he was not, it was not only the proper exercise of a legal discretion, but his duty, to grant a new trial. (*People* v. *Baker, supra; People* v. *Ashnauer,* 47 Cal. 98; *People* v. *Hotz,* 73 Cal. 241.)

The order should therefore be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.