[No. 21057. Department One.—May 1, 1894.]

## THE PEOPLE, APPELLANT, v. JOHN W. FLOOD, RESPONDENT.

APPEAL—REVIEW OF NEW-TRIAL ORDER—OPINION OF JUDGE—INSTRUCTION—INSUFFICIENCY OF EVIDENCE.—Where a motion for a new trial is made upon several grounds, and the order is general in its terms, and does not specify or limit the grounds upon which it was made, the appellate court, in reviewing the order, will not be limited by an opinion of the judge, though made a part of the bill of exceptions, in which he holds that he committed an error in giving a certain instruction to the jury; and if one of the grounds of the motion for a new trial is that it was contrary to evidence, the order granting the motion will not be reversed, unless it appears that the discretion of the court to grant a new trial for insufficiency of the evidence has been abused.

APPEAL from an order of the City and County of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Attorney General W. H. H. Hart, Deputy Attorney General William H. Layson,* and *Galpin & Zeigler,* for Appellant.

*Carroll Cook, Knight & Heggerty, W. W. Foote,* and *William H. Chapman,* for Respondent.

HARRISON, J.—The defendant was convicted of the crime of embezzlement, and, before judgment was pronounced upon the verdict, moved for a new trial upon

several grounds, one of which was that the verdict was contrary to the evidence. This motion was argued before the court and taken under advisement, and thereafter, on the 7th of July, 1893, the court made the following order:

"In this cause on this day the defendant, his counsel being present in court, counsel for defendant having heretofore presented a motion for a new trial, and the same having been submitted to the court for consideration and decision, and now the court having fully considered the same, being fully advised in the motion herein, it is ordered that the motion for a new trial be, and the same is hereby, granted."

From this order an appeal was taken by the people, and thereafter a bill of exceptions was settled by the judge before whom the case was tried, which purports to contain the instructions of the court and its rulings during the trial, and all the testimony and evidence offered by either party, or admitted in evidence upon the trial of the cause. In the bill of exceptions is also an opinion of the judge, given by him at the time of making the above order, in which he holds that he committed an error in a certain instruction given by him to the jury; and the argument on behalf of the people upon this appeal is chiefly directed to a discussion of the correctness of this instruction, and the matters to which it refers.

We are not at liberty, however, to assume that the court granted a new trial merely because it was of the opinion that it had committed an error in this respect. The motion was made upon other grounds than this, and the order being general in its terms, and not specifying or limiting the grounds upon which it was made, in determining whether it is correct or erroneous we can only consider it in the form in which it was entered. The opinion of the judge in making the order is not a part of the order itself, but is merely his reason for making the order, and is not subject to judicial review.

In *Kauffman* v. *Maier*, 94 Cal. 269, the court, in its

order granting a new trial, specified certain grounds upon which it made the order, and denied the motion "on all other grounds embraced in said motion, save said ground aforesaid." We held that the court could not thus limit the party moving for a new trial to a review of the ground specified in the order, but that "upon an appeal from that order this court will review the entire record upon which the order was based, and, if there be found any error in the record which would have justified the court in making the order, the order will be affirmed upon the same principles that an order sustaining a demurrer to a defective complaint will be sustained, even though the ground upon which the trial court sustained it may be held untenable." In that case we also said: "This rule has a limitation in cases where one of the grounds upon which the new trial is sought is the insufficiency of the evidence to justify the verdict or decision. If, in such a case, the trial court, in its order granting a new trial, excludes this as a ground of its action by direct language, and the record shows that there was a conflict of evidence, this court, upon the same principles that cause it to affirm an order granting or denying a new trial upon that ground, will accept the conclusion of the trial court, and not re-examine the evidence."

From these propositions follows the corollary that if one of the grounds of the motion for a new trial is that it is contrary to evidence, and the order does not specify the ground upon which the new trial is granted, it must be held here that, if there is any ground upon which it can be sustained, it must be affirmed; and that, as the granting or denying a motion for a new trial upon the ground that the decision or verdict was contrary to evidence is largely within the discretion of the trial court, its action will not be reversed unless its discretion in this respect has been abused, whether this be the only ground upon which the motion is made, or one of the several statutory grounds.

The Penal Code, section 1181 (6), authorizes the court

to grant a new trial when the verdict is contrary to law or evidence; and, whenever the trial court is of the opinion that the evidence upon which the conviction was had was insufficient to justify the verdict, it is its duty to grant a new trial, and its action in this respect will not be reversed in this court, unless it shall be shown that there was a manifest abuse of its discretion. (*People* v. *Baker*, 39 Cal. 686; *People* v. *Ashnauer*, 47 Cal. 98; *People* v. *Hotz*, 73 Cal. 241; *People* v. *Lum Yit*, 83 Cal. 130.) The appellant herein has not shown any violation of this rule, and an examination of the record does not enable us to say that the court was not justified in its action.

The order is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.