[Crim. No. 63.    Department One.—March 6, 1896.]

## THE PEOPLE, APPELLANT, *v.* CHRISTIAN KNUTTE, RESPONDENT.

CRIMINAL LAW—OBTAINING PROPERTY UNDER FALSE PRETENSES—INSUF-FICIENCY OF EVIDENCE—DIRECTION OF VERDICT—NEW TRIAL—DIS-CRETION.—Upon the trial of a defendant accused of obtaining money under false pretenses, where the court was of the opinion that the evi-dence was insufficient to justify a verdict of conviction, and in its in-structions advised the jury to acquit the defendant, it has discretion to set aside a verdict of conviction, as being contrary to the evidence, and to grant a new trial on that ground; and its discretion in so doing will not be interfered with upon appeal in the absence of a very clear show-ing of abuse of discretion; nor is it material that the evidence was wholly that of the prosecution, and was not conflicting, nor that it might have a legal tendency to prove all the material facts, if the court is of the opinion that the guilt of the defendant was not proved beyond a rea-sonable doubt.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. GEORGE H. BAHRS, Judge.

The facts are stated in the opinion of the court.

*W. F. Fitzgerald, Attorney General,* and *C. N. Post, Deputy Attorney General,* for Appellant.

As the evidence established actual fraud, the lower court abused its discretion in setting aside the verdict. (*Roseman* v. *Canovan,* 43 Cal. 110; *Alvarez* v. *Brennan,* 7 Cal. 503; 66 Am. Dec. 274; *People* v. *Jordan,* 66 Cal. 10; 56 Am. Rep. 73; *People* v. *Hamberg,* 84 Cal. 468; *People*

v. *Wasservogle,* 77 Cal. 173.) Judicial discretion is to be exercised in discerning the course prescribed by the law; never the arbitrary will of the judge. (Anderson's Law Dictionary, 363; *Tripp* v. *Cook,* 26 Wend. 152; *Platt* v. *Munroe,* 34 Barb. 292.)

*Dorn & Dorn,* for Respondent.

Whenever the trial court is of the opinion that the evidence is insufficient to justify the verdict, it is its duty to grant a new trial, and its action will not be reversed unless there is a manifest abuse of discretion. (*People* v. *Flood,* 102 Cal. 330; *Mills* v. *Oregon Ry. etc. Co.,* 102 Cal. 357; *Domico* v. *Casassa,* 101 Cal. 411; *People* v. *Lum Yit,* 83 Cal. 130; *People* v. *Hotz,* 73 Cal. 241, and cases cited; Const. art. VI, sec. IV; *Reay* v. *Butler,* 95 Cal. 206; *Bauder* v. *Tyrrel,* 59 Cal. 99; *Wilson* v. *California etc. R. R. Co.,* 94 Cal. 166; *Bjorman* v. *Fort Bragg etc. Co.,* 92 Cal. 500; *In re Kingsley,* 93 Cal. 576; *Nally* v. *McDonald,* 77 Cal. 284.)

VAN FLEET, J.—Respondent was tried for the offense of obtaining money and property by false pretenses. At the conclusion of the evidence in chief for the prosecution the court advised the jury to acquit, for the reason that in the judgment of the court the case had not been established; and the case was then submitted to the jury upon the instructions of the court, without evidence on behalf of defendant, or argument of counsel. The jury, notwithstanding the advice of the court, found the defendant guilty, and thereupon the court of its own motion made an order setting aside the verdict, and granting the defendant a new trial.

From this order the people prosecute this appeal, the sole point made being that the action of the court was an abuse of its discretion.

The case was argued here by both parties upon the assumption that the new trial was granted upon the ground that the evidence was deemed insufficient to sustain the verdict; and while no specific ground is

stated in the order of the court, it may be safely taken, from the court's action in advising the jury to acquit, that this assumption of counsel is correct. It has been so repeatedly held here as to become axiomatic that where a new trial is granted upon this ground, or where it is one of various grounds upon which the trial court may have based the order, its action will not be disturbed, except in a case showing a manifest and unmistakable abuse of discretion. This discretion is, of course, not arbitrary, but like any other judicial function, is to be exercised under the sanction of the judicial oath; and the strong presumption being always that it was so exercised, it will require in any case a very clear showing to the contrary to overcome such presumption and enable us to say that the power of the court in that respect was abused. While it is the exclusive province of the jury to find the facts, it is nevertheless one of the most important requirements of the trial judge to see to it that this function of the jury is intelligently and justly exercised. In this respect, while he cannot competently interfere with or control the jury in passing upon the evidence, he nevertheless exercises a very salutary supervisory power over their verdict; in the exercise of that power he should always satisfy himself that the evidence as a whole is sufficient to sustain the verdict found, and, if in his sound judgment it is not, he should unhesitatingly say so, and set the verdict aside. (*People* v. *Lum Yit*, 83 Cal. 130.)

It can, of course, make no difference in the exercise of this power by the court that the evidence in the case was wholly that of the prosecution, and stands, in the sense at least that it is not controverted by evidence on behalf of defendant, without conflict. The same duty rests upon the judge in such a case as where the evidence is conflicting, to satisfy himself that guilt has been established; and notwithstanding the evidence may be all one way, he is not required to believe it. "A court may reject the most positive testimony, though the witness be not discredited by direct testimony impeaching him

or contradicting his statement.    The inherent probability of a statement may deny it all claims to belief." (*Blankman* v. *Vallejo,* 15 Cal. 638, 645.)    The judge has the witnesses before him, and, as suggested in *People* v. *Lum Yit, supra,* " an equal opportunity with the jury to observe the manner of the witnesses, the character of their testimony, and to judge of their credibility, and to discover their motives; *he, too, ought to be satisfied* that the evidence as a whole was sufficient to sustain the verdict; if he was not, it was not only the proper exercise of a legal discretion, but his duty to grant a new trial.    (*People* v. *Baker, supra; People* v. *Ashnauer,* 47 Cal. 98; *People* v. *Hotz,* 73 Cal. 241.)"

Nor does it affect the question that the evidence in the case may have a *legal tendency* to prove all the material facts.    Guilt is be established beyond a reasonable doubt; and while there may be some evidence to support each fact, this does not signify that it is necessarily such as to satisfy the conscience of the judge that a case is made which warrants conviction.

Applying these principles to the record before us, we cannot say that the learned judge of the court below improperly exercised his discretion in the premises.

In this view it is neither pertinent nor proper for us to review or comment upon the evidence, since another trial must be had.    Nor for the same reason is it proper at this time to indicate our views upon the point urged by defendant, that the evidence is insufficient in law to warrant a conviction.    That point should not be anticipated, since upon another trial the evidence may be so essentially different that it may not arise.

The order is affirmed.

Harrison, J., and Garoutte, J., concurred.