[Crim. No. 328. In Bank.— March 16, 1898.]

THE PEOPLE, Appellant, v. CHEW WING GOW, Respondent.

CRIMINAL LAW — HOMICIDE—CONVICTION OF CHINESE DEFENDANT — ORDER GRANTING NEW TRIAL—DISCRETION—DUTY OF TRIAL JUDGE—CONFLICTING EVIDENCE—PERJURY—REVIEW UPON APPEAL.—An order granting a new trial to a defendant in a criminal case on the ground of the insufficiency of the evidence to justify the verdict of conviction is within the discretion of the trial court, and it is the duty of the judge to grant a new trial when, in his opinion, the interests of justice require it; and where a Chinese defendant was convicted of murder upon conflicting evidence, and perjury may have been and probably was committed in the case, an order granting to him a new trial is not an abuse of discretion, and will be affirmed upon appeal.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. B. M. Smith, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, Charles H. Jackson, Deputy Attorney General, and Marble & Phibbs, and H. H. Appel, Amici Curiae, for Appellant.

Davis & Rush, and R. A. Ling, for Respondent.

TEMPLE J.—The defendant was convicted of murder in the first degree and sentenced to be punished by imprisonment in the state prison for life. A motion for a new trial was regularly made

and submitted, and was granted by the court on the ground of the insufficiency of the evidence to justify the verdict. From this order the people have appealed, as stated in the notice, on questions of both law and fact.

It is claimed by the attorney general that the judge in granting a new trial abused the discretion reposed in him by the law. It is made his duty to grant a new trial if in his opinion the verdict is against the evidence. · This is one of the most important duties which the trial judge has to perform, and, since no efficient review of his action can be had, it is peculiarly incumbent upon the judge to weigh the evidence with care, and grant a new trial when, in his opinion, the interests of justice require it. In my opinion, there is no more prolific cause of the miscarriage of justice than the reluctance of trial judges to grant new trials in criminal cases. This court can review the evidence only so far as it is necessary to pass upon points of law raised; and, although there are cases in which it is assumed that this court will on appeal review such an order as that involved here, no case can be found in which an order granting a new trial in a criminal case for insufficiency of the evidence was reversed. Conceding the jurisdiction of the court, it would be an exceedingly plain case which would warrant our doing so. In the recent case of *People v. Knutte,* 111 Cal. 453, this matter was fully gone over and every question suggested here was decided. The matter need not now be enlarged upon.

We are invited in the briefs on the part of the people to enter upon a full consideration of the evidence as though the court were sitting as a jury. We are asked to pass upon the credibility of witnesses, their opportunities to know the facts, their interest in prevaricating, and even upon the effect of direct impeachment of various witnesses.

It is admitted that the evidence was quite conflicting. The deputy attorney general states that all the witnesses agree that the deceased was murdered in the streets of Los Angeles by a Chinaman who deliberately stepped up to him and discharged a pistol full in his face. He says: "There is, however, a wide divergence of opinion as to who committed the deed, as to where he [the culprit?] ran after its commission, as to how many were accessary to the crime, as to who could have witnessed the

deed, as to who reached the dying man first, and as to many other details of the brutal assassination. Like all other Chinese murder cases, this cause abounds in perjury. The murder being of an impersonal character—that is, totally devoid of all personal spite or individual motive and being prompted probably by one of the Tong or society feuds—makes it hard to explain and difficult to lay bare in proof. The great similarity due to racial characteristics makes the problem more difficult of solution. If, however, new trials are to be granted because perjury exists in a Chinese case, and the *nisi prius* judge reversed the verdict for that reason, then we may as well close our courts to the trial of all Chinese cases and save the expense to the county."

This statement very fully presents the character of this appeal, and if it does not demonstrate that a new trial ought to have been granted, it does certainly show that there was no abuse of discretion in granting it. We do not think we should sustain verdicts against even Chinamen when it is manifest that they were procured by perjury.

The order is affirmed.

Van Fleet, J , Garoutte, J., Harrison, J., McFarland, J. and Henshaw, J., concurred.