ELIZABETH ZIMMERMAN *et al.* v. L. J. GINTHER.

**No. 215.**  (63 Pac. 657.)

LIMITATION OF ACTION — *Boundary Lines* — *Adverse Possession.*
Where owners of adjacent lands have a resurvey of their dividing line made, readjust their fences, cultivate and occupy their respective premises to the line thus established, and they and their grantees acquiesce in the correctness of the lines as established by such survey for more than fifteen years, such occupancy is suffiient to start and uphold the statute of limitations to the lands thus occupied.

Error from Russell district court; LEE MONROE, judge. Opinion filed January 3, 1901. Affirmed.

*Sutton, Maher & Sutton*, for plaintiffs in error.

*W. G. Eastland*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: Zimmerman is the owner of the northeast quarter, and Ginther is the owner of the northwest quarter, of section 30, in township 12, of range 15 west of the sixth principal meridian, in Russell county. At the instance of Zimmerman, one Russell, as county surveyor, made a survey and subdivision of said section on the 25th day of April, 1899. This survey placed the half-section line between Ginther and Zimmerman west of the line claimed by Ginther, and took from him a strip along the east line, as he contends. Ginther appealed from the Russell survey to the district court, and the court sustained his contention and set aside the survey. Thereupon, Zimmerman, as plaintiff in error, presents the record to this court for review, and alleges error in the proceeding of the trial court.

The record in this case shows that one Bailey, as

county surveyor, in February, 1880, reestablished the lines and corners to the quarter-section and subdivisions of this section. This survey was accepted by the owners and occupants of the north half of the section, and from that date they recognized the Bailey survey, the corners and lines as established by him, as the true lines and the legal subdivisions of the section, entered into possession of their lands accordingly, and no question was ever made concerning the same until more than fifteen years from that date. Ginther held possession of the northwest quarter of the section as established, under a claim of ownership, and cultivated, harvested, and built his fences accordingly; he held the undisputed possession under claim of ownership for more than fifteen years prior to the time of the Russell survey.

It is contended that the Bailey survey was incorrect; that the same did not locate the true line between the northwest quarter and the northeast quarter of such section; and that in consequence of such mistake Ginther held possession of a strip which in reality belonged to the northeast quarter of the section. The trial court found that Ginther and all the parties concerned recognized the Bailey survey for more than fifteen years; that during all that time Ginther held absolute, exclusive, notorious, open and adverse possession of such strip, and therefore was the owner.

Counsel for plaintiffs in error do not question the findings of fact, but contend that the conclusions of law are erroneous; that the possession of Ginther was not adverse. The defendant in error contends that the Bailey survey was made for the purpose of establishing the boundary lines, the subdivision lines and corners, that the same was accepted by all the parties interested, and that such survey became final;

and that, in accordance therewith, Ginther took possession up to the line so found, under claim of ownership, and that all parties had knowledge of such possession.   It is further contended that this was adverse, open, notorious possession, and that all parties interested acquiesced in this survey and in the lines and corners established thereby for more than fifteen years ; and that therefore Zimmerman is estopped from questioning the Bailey survey.   Now it appears that immediately after the survey by Bailey, Ginther took possession of the northwest quarter of the section up to the east boundary line as found and established by the survey, and that he, under claim of ownership, fenced, occupied and cultivated the same up to the line established.   It thus appears that his possession was held for more than fifteen years prior to the survey made by Russell, and that his possession during all of that time was continuous, notorious, open, adverse, exclusive, uninterrupted, and visible, under a claim of ownership.   The statute of limitations, as construed by our supreme court, is a statute of repose, and is looked upon with favor.   We are of the opinion that all parties are bound by the Bailey survey. The plaintiff in error calls our attention to several authorities in support of his contention, all of which he claims have been approved by the supreme court in the case of *Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443.

From an examination of this case, however, we are constrained to the opinion that the authorities are against him.

In *Winn v. Abeles*, supra, the court says :

''Possession alone is not sufficient to confer title. The holding must be hostile and adverse as against the true owner.   There must, in addition to actual possession, be an intention of the party in possession

to claim the land as his own. The occupancy of Abeles was not taken under color or claim of title ; nor was there any purpose to oust or dispossess Colyer. The undisputed facts show that Abeles had no knowledge that his building extended beyond the boundary line of his lot until about the time that this controversy arose. He supposed his building rested entirely upon lot 9, and made no claim to any portion of the adjoining lot, and he is here now asserting that he does not own or claim the narrow strip of lot 10 upon which his wall had inadvertently been placed. Colyer was equally ignorant that the building of Abeles extended beyond the dividing line of the lots. No survey had been made, and it does not appear that there was any agreement that the line to which the wall extended should be taken as the true line. It will thus be seen that there was no adverse possession. One of the essential requisites to obtaining title through the statute of limitations was wanting, viz., the intention of Abeles to claim that land exclusively and as his own. Mere occupation by inadvertence or mistake, without any intention to claim title, may not be a disseizin, as where a fence is erroneously erected not on the dividing line.''

In the case at bar there had been a survey. The parties took open, adverse, notorious and exclusive possession of their lands according to the survey. They occupied the premises as owners. The possession was sufficient to start and uphold the statute of limitations. Judgment must be affirmed.

# SOUTHERN DEPARTMENT.

### PRESENT:

Hon. A. W. DENNISON, Presiding Judge.
Hon. B. F. MILTON, } Associate Judges.
Hon. M. SCHOONOVER, }