[S. F. No. 7233.   Department One.—January 26, 1915.]

In the Matter of the Estate of CAROLINE H. BAIN-
BRIDGE, Deceased. MARY J. MAYFIELD, Contestant
and Appellant, v. EUGENE F. McCARTHY et al., Pro-
ponents and Respondents.

NEW TRIAL—CONSTITUTIONAL RIGHT TO JURY TRIAL—SETTING ASIDE
VERDICT FOR INSUFFICIENCY OF EVIDENCE—CONTEST OF WILL.—The
provision of section 7 of article I of the state constitution that "the
right of trial by jury shall be secured to all, and remain inviolate,"
does not deprive the trial court of power to set aside the verdict of
a jury on a contest of a will and to grant a new trial on the ground of
the insufficiency of the evidence.

ID.—COMPLIANCE WITH CONSTITUTIONAL GUARANTEE—ACTION OF COURT
ON VERDICT MATTER OF LEGAL COGNIZANCE—APPEAL.—That con-
stitutional guarantee is fully observed when the verdict of the jury
in the case is rendered and recorded.   The remaining and different
question, whether judgment shall be pronounced upon the verdict or
the verdict set aside, is "strictly of legal cognizance," which must
be determined by the trial court, and unless a manifest abuse of
discretion is shown, the decision will not be disturbed on appeal.

ID.—INSUFFICIENCY OF EVIDENCE AS GROUND FOR NEW TRIAL.—In the de-
termination of a motion for a new trial, the verdict should be set
aside if, in the opinion of the trial court, it is not supported by
sufficient evidence, and this is equally true whether there be an ab-
sence of evidence, or that the evidence received, in the individual
judgment of the trial judge, is lacking in probative force to estab-
lish the proposition of fact to which it is addressed.   This is the
meaning of the terms "insufficiency of evidence," as used in sub-
division 6 of section 657 of the Code of Civil Procedure, and "con-
trary to evidence," as used in subdivision 6, section 1181 of the Penal
Code.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a new trial. J. V.
Coffey, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, James A. Devoto, and Devoto, Richardson &
Devoto, for Appellant.

Grant H. Smith, Lindley & Eichhoff, S. Bloom, Cullinan & Hickey, A. G. Kazebeer, T. E. K. Cormac, and Corbet & Selby, for Respondents.

At the close of the argument Lawlor, J., delivered the opinion of the court, Shaw, J., and Sloss, J., concurring:

This is an appeal from an order of the superior court of the city and county of San Francisco setting aside the verdict of the jury and granting a new trial of the contest of the will of the deceased, the verdict having been in favor of contestant, on the grounds of undue influence, fraud, and unsoundness of mind.

The will was admitted to probate, and thereafter Mary J. Mayfield, a niece of the testatrix and a legatee under the will, filed her petition for revocation of the probate thereof.

After the verdict of the jury, a motion for a new trial was interposed on behalf of the proponents, and by the court ordered granted on the ground of the insufficiency of the evidence to support the verdict.

The appellant relies for a reversal of the order solely on the ground that under the provision of the constitution—''the right of trial by jury shall be secured to all and remain inviolate''—(art. I, sec. 7), the trial court was without power to set aside the verdict of the jury on the ground of the insufficiency of the evidence.

This point has been decided adversely to the contention of the appellant in many cases. The precise constitutional question was raised in *Ingraham* v. *Weidler*, 139 Cal. 589, [73 Pac. 415], where it is said:

''Appellant contends that section 657 of the Code of Civil Procedure, so far at least as it provides for a new trial for the causes of 'insufficiency of the evidence to justify the verdict' and 'excessive damages, appearing,' etc., is void, because violative of section 7 of article I of the state constitution, which declares that 'the right of trial by jury shall be secured to all'; but there is no ground for this contention. The courts in this country, and in England since long before the time of Blackstone, had always exercised the power of granting a new trial after verdict, and for the causes, among others, of insufficiency of evidence, or that the damages were either inadequate or excessive (3 Blackstone's Commentaries, 387, et seq.), and this power was a recognized part of the 'right of trial by jury,' as that phrase is used in the constitution.''

This case has been cited approvingly in *Noxon* v. *Remington,* 78 Conn. 299, [61 Atl. 963], to the proposition that where, in the opinion of the trial court, damages are awarded by the jury in an excessive amount, they may be reduced under penalty of having the verdict set aside and a new trial granted.

The identical question has been considered in a number of criminal cases in this state. In *People* v. *Knutte,* 111 Cal. 453, [44 Pac. 166], the trial court, at the conclusion of the evidence in chief for the prosecution, advised the jury to acquit on the ground of the insufficiency of the evidence (Pen. Code, sec. 1118). The jury, notwithstanding the advice of the court, found the defendant guilty, and thereupon the court, of its own motion, made an order setting aside the verdict and granting the defendant a new trial. On an appeal from the order the trial court was upheld, and in the decision the following excerpt is quoted from *People* v. *Lum Yit,* 83 Cal. 130, [23 Pac. 228].

"While it is the exclusive province of the jury to find the facts, it is nevertheless one of the most important requirements of the trial judge to see to it that this function of the jury is intelligently and justly exercised. In this respect, while he cannot competently interfere with or control the jury in passing upon the evidence, he nevertheless exercises a very salutary supervisory power over their verdict; in the exercise of that power he should always satisfy himself that the evidence as a whole is sufficient to sustain the verdict found, and, if in his sound judgment it is not, he should unhesitatingly say so, and set the verdict aside."

*People* v. *Knutte,* 111 Cal. 453, [44 Pac. 166], was cited to the same point in *People* v. *Chew Wing Gow,* 120 Cal. 299, [52 Pac. 657], and in *People* v. *Tapia,* 131 Cal. 647, [63 Pac. 657]. In the latter case the trial court, under a misapprehension of the law, denied the motion of the defendant for a new trial, although the record on appeal showed that the trial judge was not convinced that the evidence was sufficient to justify the verdict. The decision quotes the trial judge as saying, "Therefore, I say the evidence is unsatisfactory," and continues:

"But after showing clearly that the evidence in his opinion was not sufficient to warrant the verdict, he questions whether 'my doubts amounted to such reasonable doubts as would warrant the court in setting aside the verdict on the ground of

the insufficiency of the evidence'; and he concludes as follows: 'I believe I shall deny the motion and let the supreme court pass on these questions.' But 'these questions' were questions of fact, over which the trial judge had full jurisdiction, while this court has appellate jurisdiction in criminal cases 'on questions of law alone.' As was said in *People* v. *Lum Yit,* 83 Cal. 130, [23 Pac. 228]: 'He [the trial judge], too, has to be satisfied that the evidence, as a whole, was sufficient to sustain the verdict; if he was not, it was not only the proper exercise of a legal discretion, but his duty, to grant a new trial.' See, also, *People* v. *Knutte,* 111 Cal. 453, [44 Pac. 166]; *People* v. *Baker,* 39 Cal. 686; *People* v. *Flood,* 102 Cal. 330, [36 Pac. 663; *People* v. *Chew Wing Gow,* 120 Cal. 298, [52 Pac. 657]."

In *United States* v. *Meldrum,* 146 Fed. 392, it is declared:

". . . Of like character, as instanced by the foregoing cases, is the discretion reposed in the court to set aside a verdict, or to award a new trial through considerations of fact. It is not arbitrary, vague, or fanciful, nor is it to be controlled by humor or caprice, but to be governed by principle and regular procedure for the accomplishment of the ends of right and justice. If errors of law are relied upon, then the judgment of the court is required as to the right rule of law to be applied, and the questions are strictly of legal cognizance. Says Hammond, circuit judge, in *Wright* v. *Southern Ex. Co.* (C. C.), 80 Fed. 85, 93: 'It must and should be performed in every case with such conscientious intelligence as belongs to the judge, and that is the best that can be done in any case where he is called upon to discharge that duty.' The principle is applied in a criminal case (*People* v. *Knutte,* 111 Cal. 453, [44 Pac. 166], where the court says: . . . "

(Here follows the excerpt already quoted from *People* v. *Lum Yit,* 83 Cal. 130, [23 Pac. 228].)

From these authorities it is clear that the constitutional guarantee (art I, sec. 7) is fully observed when the verdict of the jury in the case is rendered and recorded. The remaining and different question—whether judgment shall be pronounced upon the verdict or the verdict set aside—is "strictly of legal cognizance," which must be determined by the trial court, and unless a manifest abuse of discretion is shown, the decision will not be disturbed on appeal. In the determination of a motion for a new trial, the verdict should

be set aside if, in the opinion of the trial court, it is not supported by sufficient evidence; and this is equally true whether there be an absence of evidence or that the evidence received, in the individual judgment of the trial judge, is lacking in probative force to establish the proposition of fact to which it is addressed. This is the meaning of the terms "insufficiency of evidence" (Code Civ. Proc., sec. 657, subd. 6) and " . . . contrary to . . . evidence" (Pen. Code, sec. 1181, subd. 6).

Under the rule imposed by the constitution, the duty of the trial court in reviewing verdicts on the score of insufficiency of evidence is all the more binding for the reason that on the trial the judge shall not charge the jury as to matters of fact (art. VI, sec. 19).

And if the verdict is not set aside where the evidence lacks sufficient probative force, the party may not thereafter be relieved from the injustice of the ruling. In criminal cases the appellate authority is limited to questions of law alone (Const. art. VI, sec. 4), and under the rule of decision the judgment or order will not be reversed if there is a substantial conflict in the evidence. And the same rule of decision is followed in civil cases. But where there is an absence of evidence to support a material allegation, and the trial court does not set the verdict aside, the hardship may not be so great, for this presents a pure question of law of which full advantage may be taken on appeal.

The order is affirmed.