[L. A. No. 5769.   In Bank.—February 7, 1922.]

SOUTHERN PACIFIC LAND COMPANY (a Corporation), Respondent, v. W. W. DICKERSON, Appellant.

[1] Action to Quiet Title — Common-law Issues — When Verdict Conclusive.—In a statutory proceeding authorized by section 738 of the Code of Civil Procedure, whenever the pleadings raise issues formally cognizable in courts of law, as distinguished from those recognized in courts of equity, the action becomes, to that extent, legal rather than equitable in nature, and, in so far as the action is legal, the verdict of a jury is conclusive upon the court and the parties.

1. Right to jury trial in action to quiet title, notes, 3 Ann. Cas. 248; 18 Ann. Cas. 245.

[2] Id.—Pleading—Ejectment.—Where the complaint in such an action alleged estate in the plaintiff, possession in the defendant, and a wrongful withholding, although in the form of an equitable proceeding authorized by statute, the action possessed the essential characteristics of the old legal action of ejectment, and where the answer denied plaintiff's alleged title and alleged possession by defendant under claim of right, it presented a legal defense.

[3] Id.—Issue of Legal Rights—Verdict.—Where the pleadings in such case called for the adjudication of purely legal rights, the jury did not participate as a mere advisory body, but each party was entitled to a verdict upon issues of fact as a matter of right.

[4] Id.—Right to Jury Trial—Conclusiveness of Verdict.—Where a party is entitled to a jury as a matter of right, the court is without authority to enter a judgment contrary to the verdict and the determination of the jury is conclusive unless set aside upon a granting of a motion for a new trial or unless the general verdict is inconsistent with special findings of fact made by the jury.

[5] Id.—Absence of Conflict of Evidence—Question of Law—Procedure.—Where there is an absence of conflict in the evidence, the question of right to recover is one of law, to be passed upon by the court only, and in such a case the proper procedure is for the court, upon motion, to withdraw the question from the jury by granting a nonsuit or directing a verdict.

[6] Verdict—Issue of Fact—Procedure for Setting Aside Verdict.—When an issue has been dealt with as an issue of fact and submitted to a jury for decision, and a single, general verdict returned, the Code of Civil Procedure recognizes one method only for obviating the binding effect of the resulting verdict, i. e., upon a motion for a new trial the verdict may be set aside if, at the same time, a new trial is granted.

[7] Id.—Re-examination of Facts.—When the determination of an issue has been intrusted to a jury, but has for purposes of the trial become an issue of fact, and if it is later discovered that the question should have been passed upon by the court instead of the jury, the mistake can be rectified only by ordering a "re-examination" of what has previously been treated as an issue of fact.

[8] Id.—Judgment Contrary to Verdict—Miscarriage of Justice.—Assuming in such case all the evidence to have been in plaintiff's favor, nevertheless, by entering a judgment contrary to the verdict, the trial court denied to defendant the right to present new evidence upon a new trial, a right to which defendant was entitled in the event that the verdict was vacated, which denial of right was clearly a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

B. D. Noel, Percy B. Lloyd and J. S. Larew for Appellant.

Frank Thunen for Respondent.

LENNON, J.—Southern Pacific Land Company instituted the present action against the defendant Dickerson for the purpose of quieting title to and recovering possession of certain land in Imperial County, California, and for damages for withholding possession of the said land. Defendant's answer specifically denied the material allegations of the complaint and, in addition, interposed the defense of the statute of limitations and title by adverse possession. When the cause came on for trial, a jury was impaneled and, after the introduction of evidence, argument of counsel, and oral instructions, the jury returned a general verdict in favor of the defendant Dickerson. Immediately upon the return of the verdict, counsel for plaintiff moved orally in open court for an order setting aside the verdict and for judgment for plaintiff notwithstanding the verdict. After a hearing, the court granted this motion, made its own findings of fact and conclusions of law, and rendered a judgment decreeing plaintiff to be the owner of the premises and that plaintiff recover possession of the same without damages. From this judgment defendant appeals upon the sole ground that the verdict, in the absence of an order granting a new trial made in response to a motion therefor by the party aggrieved, was conclusive upon the court and, therefore, that the court was without authority to grant a judgment for plaintiff.

[1] The action is a statutory proceeding authorized by section 738 of the Code of Civil Procedure. Whenever the pleadings in such a proceeding raise issues formerly cognizable in courts of law, as distinguished from those recognized in courts of equity, the action becomes, to that extent, legal rather than equitable in nature, and, in so far as the action is legal, the verdict of the jury is conclusive upon the court and the parties. (*Donahue* v. *Meister,* 88 Cal. 121, 127 [22 Am. St. Rep. 283, 25 Pac. 1096]; *Hughes* v. *Dunlap,* 91 Cal. 385 [27 Pac. 642].)   [2]   The complaint in

the case at bar alleged estate in the plaintiff, possession in the defendant, and a wrongful withholding and, therefore, although in the form of an equitable proceeding authorized by statute, the action possessed the essential characteristics of the old legal action of ejectment. (*Haggin* v. *Kelly,* 136 Cal. 481 [69 Pac. 140].) The answer, denying plaintiff's alleged title and alleging possession by defendant under claim of right, presented a legal defense. [3] Inasmuch as the pleadings called for the adjudication of purely legal rights, the jury did not participate as a mere advisory body, but each party was entitled to a verdict upon issues of fact as a matter of right. (*Gillespie* v. *Gouly,* 120 Cal. 515 [52 Pac. 816]; *Haggin* v. *Kelly, supra.*)

[4] It has been held in this state that, where a party is entitled to a jury as a matter of right, the court is without authority to enter a judgment contrary to the verdict and that the determination of a jury is conclusive unless set aside upon the granting of a motion for a new trial or unless the general verdict is inconsistent with special findings of fact made by the jury. (*Montgomery* v. *Sayre,* 91 Cal. 206 [27 Pac. 648]; *Farrell* v. *City of Ontario,* 39 Cal. App. 351 [178 Pac. 740]; *Franklin* v. *Southern Pac. Co.,* 40 Cal. App. 31 [180 Pac. 76].)

In the instant case, however, the judgment recites that the verdict was vacated "upon the ground that the evidence was conclusive that title and right of possession is, and at all times mentioned in the pleadings has been, in the plaintiff, and that there is no evidence to support the verdict." Plaintiff therefore raises the point that, since there was no evidence to support the verdict, the question as to which party must prevail was a question of law for the court to determine and not one of fact for the consideration of the jury. The appeal was taken upon the judgment-roll alone and, therefore, the record does not disclose the evidence, but we may, for present purposes, assume that there was no substantial conflict in the evidence. [5] Where there is an absence of conflict, the question of right of recovery is one of law, to be passed upon by the court only (*Herbert* v. *Southern Pac. Co.,* 121 Cal. 227, 229 [53 Pac. 651]), and in such a case the proper procedure is for the court, upon motion, to withdraw the question from the jury by granting a nonsuit or directing a verdict. (*O'Connor* v.

*Mennie,* 169 Cal. 217 [146 Pac. 674]; *Estate of Caspar,* 172 Cal. 147 [155 Pac. 631]; *Estate of Sharon,* 179 Cal. 447 [177 Pac. 283].) [6] However, when an issue has been dealt with as an issue of fact and submitted to the jury for decision, and a single, general verdict returned, our Code of Civil Procedure recognizes one method only for obviating the binding effect of the resulting verdict, i. e., upon a motion for a new trial the verdict may be set aside if, at the same time, a new trial is granted. Our statutes provide no other means for the correction of any error that may have been committed in submitting an issue to the jury. The argument that a new trial could not have been granted for the reason that a new trial is a "re-examination of an issue of fact" (Code Civ. Proc., sec. 656), and there was no issue of fact in this case by reason of the absence of conflicting evidence, is specious. Subdivision 6 of section 657 of the Code of Civil Procedure authorizes a new trial upon the ground of "insufficiency of the evidence to justify the verdict," which has been interpreted as applying not only to cases where the verdict is contrary to the weight of the evidence, but where there is *no evidence* to support the verdict. (*Estate of Bainbridge,* 169 Cal. 166, 170 [146 Pac. 427]; *Estate of Caspar,* 172 Cal. 147 [155 Pac. 631].) [7] When the determination of an issue has been intrusted to a jury, it has, for the purposes of the trial, become an issue of fact, and if it is later discovered that the question should have been passed upon by the court instead of the jury, the mistake can be rectified only by ordering a "re-examination" of what has previously been treated as an issue of fact.

Even under the English common law there were only two well-recognized instances in which the verdict could be disregarded and the case disposed of without a new trial. "One [motion for judgment *non obstante veredicto*] was where the defendant's plea confessed the plaintiff's cause of action and set up matter in avoidance which, even if true, was insufficient in law to constitute a bar or defense; and the other [motion in arrest of judgment] was where the plaintiff's pleading, even if its allegations were true, disclosed no right of recovery." (*Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 384 [Ann. Cas. 1914D, 1029, 57 L. Ed. 879, 33 Sup. Ct. Rep. 523, 530, see, also, Rose's

U. S. Notes].) The present case falls within neither class. In passing, it may be stated that the case of *Roe* v. *Standard Furniture Co.*, 41 Wash. 546 [83 Pac. 1109], cited by plaintiff, in which the appellate court of the state of Washington upheld the vacating of a verdict without granting a new trial, is not in point, for the reason that the code of the state of Washington expressly recognized a motion for judgment notwithstanding the verdict.

Section 4½ of article VI of the constitution of California is of no avail to plaintiff. **[8]** Assuming all the evidence to have been in plaintiff's favor, nevertheless, by entering a judgment contrary to the verdict, the trial court denied to defendant the right to present new evidence upon a new trial, a right to which defendant was entitled in the event that the verdict was vacated. The denial of this right was clearly a miscarriage of justice. (*Farrell* v. *City of Ontario*, 39 Cal. App. 351 [178 Pac. 740].)

The judgment is reversed, with directions to the trial court to vacate the order setting aside the verdict, to restore and re-enter the verdict, and to enter judgment in conformity with the verdict as thus restored and re-entered, and to order restitution to appellant of the real property involved in this case. For all purposes of new trial and appeal, the verdict so restored and entered shall be deemed to have been returned on the date of its re-entry.

Lawlor, J., Waste, J., Wilbur, J., Shurtleff, J., Sloane, J., and Shaw, C. J., concurred.