[Crim. No. 2123. Second Appellate District, Division One.—November 27, 1931.]

THE PEOPLE, Respondent, v. HENRY BRANDT et al., Appellants.

Orbison & Irwin for Appellants.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—Appellants were convicted, by a jury, of two attempted robberies and an attempt to murder; the three offenses growing out of an early morning endeavor to hold up two employees of a grocery-store. Appellants place their hope of a reversal on the one plea that the jury must have reached a verdict through passion and prejudice, because the testimony of the prosecution witnesses, at least in so far as it bears upon the identification of the three appellants, is so impossible and improbable that the jury could not have based its verdict on the evidence.

We find no part of the story told by the witnesses impossible or improbable, except in so far as two conflicting accounts of any incident cannot both be true. There is abundant evidence that three men were engaged in a holdup at the time and place charged against appellants. There is, beyond question, sufficient evidence that the three men so engaged were the three appellants. Human witnesses who are involuntary participants in a sudden drama, and those who find themselves unexpectedly an audience, cannot be expected to agree upon the details of the event. It is conceded, by the silence of appellants on the question, that a fair trial was had. The jury, first of all, heard the accounts of what took place, with their inconsistencies as to detail and the sequence of events, and came to the conclusion that appellants were guilty, and their perfect alibi not to be believed. Then the trial judge, who heard the evidence and was in a position to judge of the credibility of the witnesses, denied the motion for a new trial; which it would have been his duty to grant had he not believed that the evidence proved the appellants guilty beyond a reasonable doubt. (*People* v. *Chew Wing Gow*, (1898) 120 Cal. 298 [52 Pac. 657].) We now cannot consider the argument that any one witness' story is not to be believed, because directly contradicted by another's or because not consistent with previous statements made by the same witness.

The judgment and the order denying a motion for a new trial are affirmed

Conrey, P. J., and Houser, J., concurred.