[Civ. No. 15516. Second Dist., Div. One. Dec. 16, 1946.]

Estate of KATE A. ZARING, Incompetent. GEORGE R. PERRY et al., Appellants, v. MANSON H. ZARING, Respondent.

Cantillon & Clover for Appellants.

Paul Taylor and Joseph D. Taylor for Respondent.

YORK, P. J.—On June 15, 1945, appellant Perry, as a friend of Kate A. Zaring, an incompetent, filed a petition for the latter's restoration to capacity. After trial by jury, wherein respondent Manson H. Zaring, as guardian of the incompetent, resisted said petition, a verdict was returned finding Kate A. Zaring to be a competent person and judgment on the verdict was duly entered restoring said incompetent to capacity and mental competency. Thereafter respondent guardian moved for a new trial on the grounds: "(1) That the verdict is contrary to the law; (2) That the verdict is contrary to the evidence; (3) That the verdict is contrary to the law and the evidence." Said motion was granted by the trial court "on the ground that the evidence is insufficient to support the verdict and judgment entered thereon."

This appeal is prosecuted by petitioner Perry and the incompetent Zaring on the ground that said order is erroneous, because granted on a ground not specified in respondent guardian's notice of intention to move for a new trial.

Section 657, Code of Civil Procedure, provides that "The verdict may be vacated . . . and a new or further trial granted . . . on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . . 6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law. . . . When a new trial is granted, . . . upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. . . ."

In *Dynes* v. *Bekins Van & Storage Co.*, 175 Cal. 72, 73 [165 P. 12], where defendant's motion for a new trial "was based on various grounds, including the ground that the verdict was contrary to the evidence, and, specifically, that there was no evidence of any contract to store the goods in a fireproof warehouse, or of any representations that the same has been or were stored in such warehouse"; it was stated by the court:

" 'It is only necessary to discover whether any of the grounds are sufficient, for the rule is well settled that the order granting a new trial will be affirmed if it can be justified on any ground made by the statute the subject of a motion for new trial.' (*Churchill* v. *Flournoy*, 127 Cal. 355, 361 [59 P. 791].) It should be added, of course, that such ground must be properly specified in the notice of intention to move for a new trial and in the specifications of error or insufficiency of the evidence in the statement or bill of exceptions on which the motion is heard. We deem it unnecessary to consider the matter at further length. A perusal of the evidence on the issues above stated shows that it is decidedly and substantially conflicting. Under these circumstances 'the judge should set aside the verdict whenever he is not satisfied with it on the evidence and his order in that regard will not be disturbed on appeal if the evidence is substantially conflicting.' (*Curtiss* v. *Starr*, 85 Cal. 376, [24 P. 806] ; *Condee* v. *Gyger*, 126 Cal. 546, [59 P. 26].) "

In *Gray* v. *Robinson*, 33 Cal.App.2d 177, 180, 181, 184 [91 P.2d 194], it was said: "The reasons given by a trial judge in support of an order which sets forth the ground or grounds on which the motion is granted are no concern of this court where adequate grounds are specified in the motion and established by uncontradicted affidavits, and particularly so where the court has failed to specifically exclude in the order for a new trial those specified grounds. After a specification of the grounds, the statement of the reasons of the trial court cannot limit this court's inquiry. (Citing authorities.) . . . In *Kauffman* v. *Maier*, 94 Cal. 269 [29 P. 481, 18 L.R.A. 124], it was said: 'The proposition of the appellant, that this court is limited upon this appeal to a consideration of the grounds specified in the order granting the new trial, is untenable. A party has the right to move for a new trial upon any or all of the grounds permitted by the statute, and if the record on which his motion is based discloses more than one ground for which a new trial should be granted, the court cannot, by stating in its order that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record. The action of the court below is limited to granting or refusing a new trial, and except in those cases in which it is justified in limiting the new trial to one or more designated issues, the effect of an order granting a new trial is to place the cause

in the position it held before any trial had been had. . . . A motion for a new trial is a proceeding in the nature of a new action wherein the statement or bill of exceptions corresponds to the complaint, and the specifications of error to a demurrer thereto, and the action of the trial court in sustaining the motion is to be treated on the same principles. If there be any grounds upon which its action can be upheld, the order will be sustained, irrespectitve of the particular ground given by the court, whether in an opinion or by a statement in the order itself.' . . . In analyzing the authorities, we are mindful of and must be guided by the general rule, i. e., that a motion for a new trial is to a large extent addressed to the legal discretion of the court to which the application is made and that its action in granting a new trial is conclusive and will not be disturbed in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion. Such discretion is very wide and every presumption is indulged in support of the action of the court in passing upon the motion (*Whitfield* v. *Debrincat*, 18 Cal.App.2d 730 [64 P.2d 960]) and a stronger showing is required to justify interference with an order granting than one denying a new trial, unless made upon some legal proposition which may be considered in itself; and every presumption is indulged in support of the court in passing upon the motion."

The instant appeal is presented upon the judgment roll alone, making it impossible for this court to pass upon the merits of the motion. However, appellants' claim, that the order is erroneous because granted on a ground not specified in the motion, cannot be sustained for the reason that the ground recited in the motion "that the verdict is contrary to the evidence" is just another way of saying that the evidence is insufficient to justify the verdict (§ 657, Code Civ. Proc., subd. 6).

In *Estate of Bainbridge*, 169 Cal. 166, 169 [146 P. 427], the Supreme Court stated: "In the determination of a motion for a new trial, the verdict should be set aside if, in the opinion of the trial court, it is not supported by sufficient evidence; and this is equally true whether there be an absence of evidence or that the evidence received, in the individual judgment of the trial judge, is lacking in probative force to establish the proposition of fact to which it is addressed. This is the meaning of the terms 'insufficiency of evidence' (Code

Civ. Proc., § 657, subd. 6) and '. . . contrary to . . . evidence' (Pen. Code, § 1181, subd. 6)."

Again in *Mosekian* v. *Ginsberg,* 122 Cal.App. 774, 777 [10 P.2d 525], it is stated: "With regard to appellants' second point on appeal, section 657, subdivision 6, of the Code of Civil Procedure, also provides that 'insufficiency of the evidence to justify the verdict or other decision' is a ground for a new trial. The term 'insufficiency of the evidence' means either an absence of evidence or that the evidence admitted at the trial is lacking in probative force to establish the proposition of fact to which it is addressed. (20 Cal.Jur., p. 106; *Estate of Bainbridge,* 169 Cal. 166, 170 [146 P. 427].)"

See, also, *Campanella* v. *Campanella,* 204 Cal. 515, 523 [269 P. 433], wherein it is stated: ". . . a verdict unduly excessive is a verdict, in part at least, unsupported by the evidence. In other words, a deficiency in the evidence must be the basis for every contention that the verdict is excessive or the result of passion or prejudice. In *Doolin* v. *Omnibus Cable Co.,* 125 Cal. 141, 144 [57 P. 774], it is said: 'To say that a verdict for damages was enhanced by passion or prejudice is one mode of saying that the evidence did not justify it; and the only means of discovering therein the element of passion or prejudice, within the meaning of the statute, is by comparing the amount with the evidence which was before the court at the trial.' 'Insufficiency of the evidence' means want of evidence as well as 'contrary to the weight of the evidence.' (*Southern Pac. Land Co.* v. *Dickerson,* 188 Cal. 113, 117 [204 P. 576]; *Estate of Bainbridge,* 169 Cal. 166 [146 P. 427].)"

"The granting of a new trial on the ground that the verdict is against admissions of a party who was called as a witness is a decision that the evidence was insufficient to justify the verdict. Likewise, where the court grants a new trial to the defendant upon the ground that it had erred in denying motions for nonsuit made when the plaintiff's case was rested and after all the evidence was closed, the new trial was practically granted for insufficiency of the evidence. And an order granting a new trial in a personal injury action on the ground of plaintiff's contributory negligence is, in effect, an order granting the motion upon the ground of the insufficiency of the evidence to justify the verdict." (20 Cal.Jur. 109, § 69.)

For the reasons stated, the order appealed from is affirmed.

Doran, J., and White, J., concurred.