[Civ. No. 749.　Third Appellate District.—October 29, 1910.]

## VON B. WITTER, Respondent, v. GEORGIA REDWINE, Appellant.

ORDER GRANTING NEW TRIAL — GROUND NOT SPECIFIED — GROUNDS OF MOTION—REVIEW UPON APPEAL.—Where an order granting a new trial does not specify the particular ground upon which the order is based, it must be affirmed upon appeal, if it can be justified upon any of the grounds upon which the motion for a new trial was made.

ID.—RECITAL OF GROUNDS OF MOTION IN ORDER—INSUFFICIENCY OF EVIDENCE.—Where the order granting the motion generally recites two of the grounds of the motion, one of which is insufficiency of the evidence, there can be no doubt that the order can be justified on the ground of insufficiency of the evidence to sustain the verdict.

ID.—DISCRETION OF TRIAL COURT—DECISION OR VERDICT AGAINST EVIDENCE.—The granting or denying of a motion for a new trial on the ground that the decision or verdict was contrary to the evidence is largely within the discretion of the trial court, and its action in this respect will not be reversed, unless its discretion has been abused, whether this be the only ground upon which the motion is made or one of several statutory grounds.

ID.—DISCRETION NOT ABUSED—CONFLICTING EVIDENCE—DUTY OF TRIAL JUDGE.—If there is a substantial conflict in the testimony, it cannot

be held that the trial court abused its discretion in granting a new trial; but it must be assumed that the showing made by the respective parties carried conviction to the mind of the trial judge that the verdict was wrong, and holding to this belief, it was his duty to grant the motion for a new trial.

ID.—TRIAL COURT NOT BOUND BY VERDICT.—Where the evidence is conflicting, the trial court, in passing upon the motion for a new trial, is not bound by the verdict of the jury, and cannot rest upon the conflict of evidence, but must weigh and consider the evidence for both parties, and determine for itself the just conclusion to be drawn from it.

APPEAL from an order of the Superior Court of Sonoma County granting a new trial.   Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, for Appellant.

L. E. Fulwider, for Respondent.

BURNETT, J.—The action was brought to recover money claimed to have been loaned by plaintiff to defendant.   A general verdict was rendered by a jury in favor of defendant and a motion by plaintiff for a new trial was granted by the trial court.   From this order the defendant has appealed. The motion was based upon several grounds, among which was specified the insufficiency of the evidence to sustain the verdict. The order of the trial court was as follows: "This cause is before the court on a motion for a new trial on the grounds of newly discovered evidence and insufficiency of evidence, etc. The court is of the opinion that a new trial should be granted and it is so ordered."

The court, as will be observed, did not specify the particular ground upon which the order was based and it is therefore indisputable that said order must be affirmed if it can be justified upon any of the grounds upon which the motion for a new trial was made.   There can be no doubt that the order of the court may be justified upon the ground of the insufficiency of the evidence to sustain the verdict.   The rule, as to this, is stated in *People* v. *Flood,* 102 Cal. 332, [36 Pac. 663], as follows: "If one of the grounds of the motion for a new trial is that it is contrary to evidence, and the order does not

specify the ground upon which the new trial is granted, it must be held that, if there is any ground upon which it can be sustained, it must be affirmed; and that, as the granting or denying a motion for a new trial upon the ground that the decision or verdict was contrary to evidence is largely within the discretion of the trial court, its action will not be reversed unless its discretion in this respect has been abused, whether this be the only ground upon which the motion is made, or one of the several statutory grounds.''

It is equally clear that we cannot say that the court below abused its discretion in granting the motion for a new trial. This follows from the consideration that the evidence was conflicting, and we must assume that the showing made by the parties carried conviction to the mind of the trial judge that the verdict was wrong. Holding to this belief, it was the duty of the trial court to grant the motion for a new trial. Appellant admits that ''There is a direct conflict between the testimony of the plaintiff and the testimony of the defendant,'' but she contends that ''the jury were the sole judges of the facts and of the credibility of the witnesses, and they observed them and their manner of testifying, and where there is a substantial conflict of the testimony the verdict should not be disturbed, as the preponderance of the evidence was in favor of the defendant.'' She has, however, entirely mistaken the rule by which the trial court is governed in reviewing the sufficiency of the evidence on a motion for a new trial. The question has been recently discussed by this court in the case of *Kramm* v. *Stockton Electric R. R. Co.,* 10 Cal. App. 271 [101 Pac. 914], and therein it is held, in accordance with the statement of the rule by the supreme court in various cases, that ''the trial court cannot rest upon a conflict in the evidence, but must weigh and consider the evidence for both parties, and determine for itself the just conclusion to be drawn from it. If the judge is not satisfied with the verdict, and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony.'' While we are not in a position to pass upon the veracity of the witnesses and do not undertake to do so, we can readily understand how the trial court, exercising a just and wise discretion, may have reached the conclusion from observing the manner of said

witnesses and the apparent probability of their statements, that the plaintiff's testimony was true and that he would be greatly wronged if the verdict were permitted to stand.

There was a sufficient specification of the insufficiency of the evidence, and, as the action of the court upon this ground was warranted and decisive of the controversy, the other questions incidentally discussed by counsel need not be considered. ·

The order granting the motion for a new trial is affirmed.

Hart, J., and Chipman, P. J., concurred.