[Civ. No. 14776.   Second Dist., Div. One.   Aug. 27, 1945.]

ORA BURNSED, Appellant, v. WARREN JAMES MURRAY et al., Respondents.

Albert A. Horn for Appellant.

Nourse & Jones and Everett W. Thompson for Respondents.

DRAPEAU, J. pro tem. — Action for personal injuries caused by an automobile running down a pedestrian in an intersection.

There are two defendants, but one is the owner of the automobile and is sued to recover on her liability under the Vehicle Code for permitting the other defendant, driver of the car, to operate it. Therefore, we will speak of the defendant driver as the defendant.

The plaintiff, a "newsboy" 58 years of age, testified that on the night of the accident shortly after midnight he was selling papers at the intersection of Santa Monica Boulevard and Highland Avenue in the city of Los Angeles; that a lady stopped her car across the street from where he was standing, and blew her horn to signal to him that she wanted to buy a paper; that at this particular intersection there was in operation a signal system of red and green lights controlling traffic; that he waited until the traffic light opposite him was green, then he crossed the street, being at all times in the crosswalk; that while in the crosswalk he was struck by defendant's automobile.

Two policemen who apprehended and questioned the defendant at the intersection testified that he was intoxicated, under the influence of alcohol. A physician who examined the defendant shortly after the accident likewise testified that he was intoxicated.

. Damages to the plaintiff were very severe. He sustained a broken leg, which was in traction for a long time, serious injuries to his shoulder and head, and was still in the hospital when the case was tried. At the date of the trial he was suffering from tuberculosis, which might account for the length of time he remained in the hospital.

The defendant's case consisted mainly of his own testimony. He testified that he left his office in Hollywood about 11 p.m. on the night of the accident, having worked all day; that he went to a cafe and stayed there twenty-five or thirty minutes and while there consumed five glasses of beer; that he left the cafe driving the automobile in question and approached the intersection where the accident happened; that at that point he stopped on the red signal and proceeded only when the signal turned to green; that in traversing the intersection he changed gears from low to second, and was just going into high when he felt his car strike something, whereupon he stopped and pulled over to the curb and got out of the car

and went back. There is a minor conflict in the testimony here, the police officers stating that the defendant told them he proceeded down the street and turned around and came back.

The defendant then testified that he felt that he had absolute control of his car, that he knew he had had something to drink, but was not drunk; that he was traveling 15 to 18 miles an hour and his brakes were in excellent condition.

Argument was had, instructions given, and the matter submitted to an all-woman jury. which rendered its verdict in favor of the defendant. Motion was made for a new trial and denied.

On this appeal no complaint is made as to instructions, or anything else in the conduct of the trial, except that appellant feels the jury must have gone "haywire." A careful reading of the transcript on appeal demonstrates that unless the evidence is insufficient to support the verdict there is no error in the record.

■ Respondent stands upon the well known rule that when there is conflict in the evidence, the verdict of the jury is controlling and may not be set aside by a reviewing court. (*Kling* v. *Crown Finance Corp.*, 63 Cal.App.2d 33 [146 P.2d 54]; *Darling* v. *Pacific Electric Railway Co.*, 197 Cal. 702 [242 P. 703]; and also, *Kapitan* v. *Smith*, *ante*, pp. 454, 456 [161 P.2d 270] (August 7, 1945).)

Under the testimony in this case, the rule is binding upon this court.

Moreover, on the motion for a new trial the trial court was not bound, as in this court, by the rule of conflicting evidence. It is to be assumed that when the motion was made and denied, the trial court weighed and considered the evidence in the light of the only contention here made, that it was insufficient to sustain the verdict. (*Morgan* v. *Los Angeles Pac. Co.*, 13 Cal.App. 12 [108 P. 735]; *Witter* v. *Redwine*, 14 Cal.App. 393 [112 P. 311]; *Estate of Bainbridge*, 169 Cal. 166 [146 P. 427]; *Malloway* v. *Hughes*, 125 Cal.App. 573 [13 P.2d 1062]; see 20 Cal.L.Rev. 558.)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1945.