[Crim. No. 378.    Second Appellate District.—May 7, 1915.]

## THE PEOPLE, Respondent, v. ED. MALLICOAT, Appellant.

CRIMINAL LAW—MURDER—PROPER ORDER DENYING NEW TRIAL.—In this prosecution of a special police officer for murder, it is held that no error was committed in denying the motion for a new trial, as the evidence was sufficient to support the verdict.

Id.—New Trial—Duty of Trial Judge.—The trial judge in passing upon a defendant's motion for a new trial in a criminal case is called upon to determine whether there is evidence sufficient to support the verdict, and where he believes that the verdict is not sustained by the evidence, it is his imperative duty to grant a new trial; but the mere intimation of the trial judge that had he been a juryman he would have voted for an acquittal is not sufficient to nullify the verdict.

Id.—Evidence—Testimony of Police Officer Against Prosecution—Surprise—Impeachment—Discretion not Abused.—Where in such a prosecution the district attorney is taken by surprise by the testimony of a police officer called on behalf of the state, and such testimony is against the prosecution, as distinguished from the failure to testify to all that the state expected or desired of the witness, there is no abuse of discretion in permitting the prosecuting officer to cross-examine the witness for the purpose of showing that he had previously made statements inconsistent with his present testimony.

Id.—Name Used by Defendant Upon Marriage—Cross-examination Upon by District Attorney not Improper.—Where in such a prosecution it is brought out upon the direct examination of the defendant that he was married, it is not improper to permit the district attorney upon cross-examination to inquire as to when and where and under what name he had been married.

Id.—Use of Deadly Weapon—Comparative Rights of Officer and Citizen—Proper Instruction to Jury.—An instruction that a police officer has no greater or less right to use a deadly weapon than a private citizen under the circumstances disclosed by the evidence in this case is held proper.

APPEAL from a judgment of the Superior Court of the County of San Diego and from an order denying a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of the crime of murder of the second degree and sentenced to serve a term of ten years in the penitentiary. He appeals from the judgment and from an order denying his motion for a new trial.

In August, 1914, four privates in the marine corps of the United States government went from their post on North Island in San Diego County to the city of San Diego. They arrived in the latter city during the course of the afternoon and spent their time variously at certain saloons and other resorts. By the hour of 11 o'clock in the evening they had imbibed considerable liquor, but so far as the evidence shows were not greatly intoxicated. While enjoying themselves in one of the saloons which they visited, they were approached by a civilian who was intoxicated and who desired to make one of their party. A marine named Brinton, being one of the four, testified that he took charge of the civilian and led him away, intending to take him to his room. While on the street and while conducting the civilian therealong, he was stopped by appellant, who was a special police officer engaged as a chauffeur for the police department of the city of San Diego. Some articles from the pockets of the civilian were in the hands of Brinton at that time, Brinton claiming that the civilian had handed them to him, while the defendant in his testimony said that he had observed Brinton taking the articles from the pockets of the intoxicated man. At any rate, Brinton was required by appellant to cease conducting the civilian farther and the latter was left in charge of appellant, while Brinton returned to the saloon and rejoined his companions. After disposing of the civilian, appellant was proceeding on his way toward the police station when he was overtaken by the four marines. Appellant testified that the marines came running after him, while Brinton's testimony was that it was time for them to catch their boat for North Island and that they were traveling up the street for the purpose of reaching the ferry. Two of the marines, Brinton, and a man named Collier, were in front, and several paces behind them came the two remaining men of the squad. Brinton and Collier approached within a distance sometimes stated in the testimony as being about fifteen feet of appellant, who turned and observed them. From this point in the narrative of the occurrence there is some conflict between the testimony given for the prosecution and that of the defendant. The marine Brinton testified that, as they got within about fifteen feet of appellant, the latter drew his gun and that Collier said to him "I ain't afraid of your old gun"; that at that moment appellant fired a shot from his revolver and Collier dropped to the

sidewalk with a bullet through his abdomen, from which wound he shortly thereafter died. The appellant's testimony was to the effect that the foremost men advanced upon him in a threatening manner, with arms upraised in a fighting attitude, and that those in the rear were running up at the same time, and that believing that he was about to be mobbed, he fired with the effect noted. There was testimony of another witness that immediately after the shooting appellant was heard to say: "If any more fools with me I will shoot them too." There was also testimony as contradicting that of appellant wherein he said that the men were advancing upon him in a threatening manner; this testimony was that the marines were not so doing, but had their hands at their sides.

Counsel first argues that it was error for the court to deny appellant's motion for a new trial because the evidence was insufficient to support the verdict, and he asserts the trial judge stated it as his opinion that a different verdict should have been rendered. He states that it requires an agreement of thirteen men to make a verdict of guilty effectual, namely: the twelve jurors in the box and the judge on the bench, and that a verdict returned by the jury must be set aside and a new trial granted unless the court wholly agrees with the jury as to its conclusion. The trial judge in passing upon a defendant's motion for a new trial in a criminal case is called upon to determine whether there is evidence sufficient to support the verdict. All questions of fact being primarily for the jury, this judgment of the court is not to be exercised in such a captious and over-critical way as to nullify a verdict which rests upon substantial evidence given by credible witnesses, and the mere intimation of the trial judge that had he been a juryman he probably would have voted for an acquittal, is not sufficient. The judge should, in order to warrant an order for a new trial to be made, believe that the verdict is not sustained by the evidence and that if allowed to stand it would result in unjust punishment being inflicted. So believing, it becomes his imperative duty to order a new trial. An order made either granting or denying such new trial will not be disturbed unless an abuse of discretion is made manifest. (*People* v. *Knutte,* 111 Cal. 453, [44 Pac. 166]; *People* v. *Chew Wing Gow,* 120 Cal. 298, [52 Pac. 657]; *People* v. *Tapia,* 131 Cal. 647, [63 Pac. 1001]; *People* v. *Elmore,* 167 Cal. 205, [138 Pac. 989].) It is urged here that from the

remarks made by the trial judge at the time the ruling on
the motion for a new trial was entered, he was of the view
that the verdict as rendered was improper. The argument
of the judge as showing the reasons which impelled him to
make the order complained of is not proper to be considered
here. (*People* v. *Tapia,* 131 Cal. 647, [63 Pac. 1001].) But
were we authorized to examine into the argument so expressed,
nothing can be found therein inconsistent with the view that
the judge concluded that the verdict found sufficient support
in the evidence. The judge in one part of his statement ex-
pressly declared that there was evidence sufficient to warrant
all of the findings of the jury, and with that conclusion no
fault can be found, if the entire record of the evidence is ex-
amined.

Complaint is next made because the district attorney was
allowed to cross-examine a witness introduced on behalf of
the prosecution in an attempt to show that this witness had
made statements different from those given in his testimony
on a prior occasion. On the ground that he was surprised by
the testimony of the witness, the district attorney was allowed
considerable latitude in the direction suggested. This witness
was a police officer who assumed to relate a statement made
by the deceased as a dying declaration. He testified that
when asked why the defendant had shot him deceased had
said: "He had some trouble with a friend of mine." This
statement was considered important as showing knowledge on
the part of deceased that there had been trouble between de-
fendant and the marine Brinton prior to the time of the meet-
ing on the street when the shooting occurred. The district
attorney announced that he was surprised by the statement
of the witness and proceeded, with the permission of the court,
to ask leading questions to show that this witness in the office
of the district attorney, when he related the statement made
by the deceased, had failed to mention that the latter had
said that appellant had had trouble with his (deceased's)
friend. The matter of permitting this cross-examination of
the state's witness by the district attorney was one within
the discretion of the court, and it does not appear that this
discretion was abused. There was sufficient to show that the
witness was inclined to be favorable to the defense, and also
to show that the district attorney was surprised by the state-
ment made which has been quoted. Counsel cites several au-

thorities in support of his proposition that reversible error was committed in this regard, but when we apply those decisions to the facts exhibited by this record they do not sustain· the contention made. In one of the cases, *People* v. *Creeks,* 141 Cal. 529, [75 Pac. 101], it is said: "Where a witness called by a party has simply failed to testify to all that party expected or desired, but has not given testimony against him, it is not permissible for the party calling him to prove that such witness had previously made statements which, if sworn to at the trial, would tend to make out his case." Here Langford did testify to matter which was "against" the prosecution. Clearly in that case it was proper for the district attorney to show that he had made contrary statements or had failed to include in an apparently full statement theretofore made the important sentence which had been added in his testimony.

The objection that the district attorney asked improper questions of the defendant on cross-examination and was so guilty of misconduct, in our view has no merit. The matter pointed out referred to the cross-examination wherein the district attorney inquired of the defendant as to what name he had been married under. On direct examination defendant's counsel had brought out the fact that the defendant was married, and the district attorney followed this up by inquiring as to when and where and under what name defendant had been married. Defendant's counsel, while the district attorney was cross-examining, tendered the certificate of marriage, which was not accepted by the prosecutor. Presumably the certificate of marriage showed the name the defendant had used at the time that ceremony was performed, and if it did so show it, then certainly there could have been no error in requiring the defendant himself to state the fact upon the witness-stand. His counsel made an express tender of the marriage certificate, and even though his objection to the question asked calling for the name used was well taken, his offer to show that name by the certificate amounted to a waiver of the objection.

The strictures passed by the district attorney in his argument upon the attitude and conduct of the police department respecting the prosecution of appellant were severe and, as the trial judge remarked, might well have been omitted. However, we have examined carefully the assignments of error predicated upon the ground of that official's misconduct and

do not feel that a reversal is warranted on account thereof. There were suggestions made throughout the trial, having some import in that direction, which indicated that the police department felt an interest in the defense of appellant as a fellow police officer, and it was for the jury to determine whether the district attorney's conclusions were justified upon the whole evidence.

The court by its instructions seems to have covered the case fully and carefully and to have stated all of the propositions of law applicable to the charge and the evidence. It was proper for the jury to be instructed that a police officer had no greater nor less right than a private citizen to use a deadly weapon under the circumstances disclosed by the evidence. On behalf of the defendant it was proper for the jury to be advised that a police officer had as much right to defend himself as a private citizen, and on behalf of the prosecution it was proper that the jury should be advised that because defendant was a police officer he would not be justified in acting upon lesser provocation in using his weapon to kill than would a private individual. We can see no force in the criticism of the instruction which detailed the right of a person threatened with great bodily harm at the hands of another to use a deadly weapon in repelling his assailant. That defendant had the right to act upon appearances and shoot his assailant if as a reasonable man, under all of the circumstances, he was justified in believing that an assault was about to be committed which would inflict upon him great bodily harm, was fully expressed in the instructions. The jury resolved the facts against the appellant under the evidence, and we agree with the trial judge in the statement made at the time the motion for a new trial was denied, when he said that there was plenty of room under the evidence for the jury to reach the conclusion that appellant was not justified as a reasonable man in believing, at the time he fired the shot which killed Collier, that he was about to suffer great bodily injury at the hands of the four marines.

From a careful examination of the whole record it appears that appellant has had a fair trial. The verdict and judgment should not, therefore, be disturbed.

The judgment and order denying to appellant a new trial are affirmed.

Conrey, P. J., and Shaw, J., concurred.