PEOPLE, PLAINTIFF AND APPELLEE, *v.* ARROYO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Aggravated Assault and Battery.

No. 1497.—Decided April 30, 1920.

NEW TRIAL—DISCRETION OF COURT—APPEAL.—The Supreme Court will not reverse an order granting or refusing to grant a new trial unless it is shown that the trial court abused its discretion.

The facts are stated in the opinion.
*Mr. F. Cervoni Gely* for the appellant.
*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Antonio Arroyo was charged by the district attorney of Arecibo with having attempted to kill Jaime González. He pleaded not guilty and asked for a trial by jury. The trial was had and the jury found him guilty of assault and battery, a crime falling within that of attempt to kill, and the court sentenced him to pay a fine of two hundred dollars, or to one day's imprisonment for each dollar not paid, the imprisonment not to exceed ninety days.

Before the judgment was entered the defendant moved

for a new trial on the ground of newly discovered evidence and the court overruled the motion.

The defendant appealed from the order refusing to grant a new trial, and also from the judgment.  Both appeals were prosecuted together.

There is no bill of exceptions or statement of the evidence.  The newly discovered evidence consisted of testimony tending to impeach the veracity of certain witnesses who testified at the trial.

Under such circumstances and it not having been shown satisfactorily to the court that the said evidence could not have been discovered before the trial, we are of the opinion that the trial court did not err in acting as it did.

In 1904 this court, by Associate Justice McLeary, in the case of *People* v. *Milán*, 7 P. R. R. 442, laid down the following doctrine:

"The defendant who seeks a new trial on the ground of newly discovered evidence must not only present sworn statements showing that evidence, but he must by an affidavit negative the fact that he could have produced the evidence on the trial, showing the reasons which prevented him from doing so and the diligence exercised by him to obtain the evidence before the trial, for the purpose of enabling the court to determine whether he exercised the greatest possible diligence to obtain such evidence."

And thereafter, in 1910, also by Associate Justice McLeary, in the case of *People* v. *Español*, 16 P. R. R. 203, this court established the following jurisprudence:

"Motions for a new trial on the ground of newly discovered evidence, are generally regarded with suspicion and disfavor by the courts.

"When a motion for a new trial is based on the ground of newly discovered evidence, and when, from the affidavits presented, it is deduced that they are irrelevant or merely have a tendency to impeach a witness for the prosecution, the motion should be denied."

Besides, as this court recently said in the case of *People* v. *Soto*, 26 P. R. R. 399, citing the case of *People* v. *Malli-*

*coat,* 149 Pac. 1000, "an order made either granting or denying such new trial will not be disturbed unless an abuse of discretion is made manifest." And in this case the defendant, who did not appear at the hearing on the appeal nor file a brief in support thereof, has not shown that the district court abused its discretion in refusing to grant him a new trial.

We have examined the information, the verdict of the jury, the instructions of the court and the judgment appealed from and do not find that any error was committed. Judging from the instructions, there was direct testimony charging the defendant with the commission of the crime and the evidence of the defense consisted largely of testimony tending to show that he was not at the place where the crime was committed when it was committed. The jury, acting within its powers, adjusted the conflict after having received very ample instructions from the district judge.

The order and judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.